**E-FILED**
Friday, 05 December, 2008  07:05:38 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DODIE JUNKERT,                          )
                                        )
    *Plaintiff,*                        )
                                        )
    *-vs-*                              )        Case Number: 06-CV-03243
                                        )
SHERIFF ROGER W. MASSEY and             )
DEWITT COUNTY, ILLINOIS,                )
                                        )
    *Defendants.*                       )

# PRE-TRIAL ORDER

THIS MATTER having come before the Court for a pre-trial conference

held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule

16.1; and

Kenneth N. Flaxman having appeared as counsel for the Plaintiff and

David A. Bailie having appeared as counsel for Defendants, the following

action was taken:

## I.    NATURE OF ACTION AND JURISDICTION

This is an action for alleged violation of Plaintiff's civil rights brought

pursuant to 42 USC §1983 and the jurisdiction of the Court is invoked under 28

USC § 1343(a)(4).  Jurisdiction of the Court is not disputed.  Defendant Sheriff

Roger W. Massey is sued in his individual capacity.

## II.    JOINT STATEMENT

### A.    Jurisdiction

The United States District Court has jurisdiction over the issues raised in this matter based upon 28 USC § 1343(a)(4) regarding recovery of damages under an Act of Congress providing for the protection of civil rights.  The Act of Congress relied upon by Plaintiff in protecting her civil rights is 42 USC § 1983.

### B. Nature of the Action

1.    This action arises from a search warrant obtained by Defendant Roger W. Massey, Sheriff of DeWitt County, authorizing the search of Plaintiff, Dodie Junkert's home and law office.

2.    Junkert alleges that Massey secured the warrant by making false, material statements.  Massey denies this contention.

3.    Junkert alleges that Massey's Affidavit for Search Warrant was so deficient that it was unreasonable for him to believe that there was probable cause for issuance of the Warrant.  Massey disputes this allegation.

4.    Junkert alleges that the Warrant was executed in an unreasonable manner because the officer serving the Warrant had obtained possession of items sought in the Warrant before entering Plaintiff's home and law office. Massey disputes this allegation.

5.     Junkert alleges that defendant Massey was personally involved in the seizure of a drill from plaintiff's home or office, that the drill was not specified in the warrant, and was unlawfully seized.  Massey disputes this allegation and contends that this issue is not properly before the Court because plaintiff did not specifically allege any claim concerning seizure of a drill.

6.     Junkert has waived her claim that the Warrant was executed in an unreasonable manner because it involved an invasion of attorney/client materials.

7.     Plaintiff joined DeWitt County as a Defendant in this action based on her reading of  *Carver v. Sheriff of LaSalle County*, 324 Fd.3 947  (7th  Cir.  2003).  Defendants contend that *Carver* is limited to official capacity suits and that the DeWitt County should be dismissed.

8.     It is agreed that Massey was acting under color of state law and also agreed that Junkert's allegations involve rights secured by the Fourth Amendment.

9.     All parties have demanded a jury.

C.     Uncontested Issues of Fact

1.     Dodie Junkert is a resident of Clinton, Illinois and an attorney licensed to practice law in the State of Illinois.

2.      Defendant, Roger W. Massey, is the Sheriff of DeWitt County and has served in that capacity since 1994.

3.      On January 22, 2003 Massey presented a Complaint for Search Warrant to Judge John P. Shonkwiler requesting the issuance of a Search Warrant to search Junkert's home and law office.

4.      Judge Shonkwiler issued the Search Warrant which Massey had requested on January 22, 2003 after reviewing the Complaint for Search Warrant.

5.      Massey spoke with Junkert by telephone before the Warrant was executed.   Junkert told Massey during this conversation that she had one of the computers sought in the warrant and that another computer was in the possession of a person named Jeremiah Smith.

6.      Massey and Junkert met personally before the Warrant was executed and Junkert gave Massey the computer she had. Massey was informed before the warrant was executed that  other officers had obtained a computer from Jeremiah Smith.

7.      The Search Warrant did not state the number of computers being sought and the Warrant sought items indicative of illegal drugs in addition to computers.

-4-

8.      The Warrant was executed by Massey and other officers at Plaintiff's law office and then her home on January 22, 2003.

9.      The officers executing the Warrant did not find any additional computers, but did find at Plaintiff's home materials which appeared to contain small amounts of cocaine.  .

10.     As a result of recovering a computer from Junkert and a computer from Jeremiah Smith and as a result of the materials secured in execution of the Search Warrant, Junkert was charged with possession of stolen property and possession of a controlled substance.

11.     A trial of the charges against Junkert resulted in a hung jury.

12.     The charges against Junkert were thereafter dismissed by the prosecutor pursuant to an agreement between the prosecutor and Junkert.

D.      Uncontested Issues of Law

Massey was acting under color of state law at all times relevant.

E.      Contested Issues of Fact

        a. Defendant Massey's Statement of Contested Fact Issues

        1.      Whether the officers involved were advised the information they claim they were advised by Richard Baker.

    2.    Whether the officers were authorized to undertake the search per the terms of the Search Warrant after receiving one stolen laptop computer from Junkert and one stolen laptop computer from Jeremiah Smith.

### b.  Plaintiff's Statement of Contested Fact Issues

Did defendant Massey obtain the search warrant by making material false statements?

### F.   Contested Issues of Law

### a.  Defendant's Statement

    1.    Is the Affidavit for Search Warrant so deficient that it was unreasonable for Massey to believe that there was probable cause for issuance of the Warrant.

### b.  Plaintiff's Statement

    1.  Is the search warrant affidavit so deficient that it was unreasonable for defendant Massey to believe that there was probable cause for issuance of the warrant? Or, in the alternative,

    2.  That it was unreasonable for defendant Massey to believe that there was probable cause for issuance of the warrant, insofar as it authorized the search for drug related items?

    3.  If law enforcement officers obtain possession of items legitimately sought in a search warrant before executing the warrant,

may the officers nonetheless conduct the search ostensibly authorized by the warrant?

4.  Was the seizure of a drill from plaintiff's home or office contrary to the Fourth Amendment when the drill was not contraband and was not specified in the search warrant?

G.    Stipulations

1.    The depositions of Jeremiah Smith,  Richard Baker, and (if he is unavailable at the time of trial), Special Agent Lindemulder may be used as substantive evidence at the trial in place of the appearance of each of said witnesses.

2.    The depositions of Plaintiff, Defendant and all witnesses deposed in the case may be used in the case at trial for purposes of impeachment and to refresh recollection.  In addition, the depositions of plaintiff and defendant Massey may be used as party admissions.

3.    The transcripts of depositions and trial testimony disclosed in discovery in the instant cause of action may be utilized for impeachment or to refresh recollection without the necessity of calling the court reporter to lay a foundation for said transcripts.

H.    List of Witnesses Plaintiff Intends to Call at Trial

     1.    Dodie Junkert

     2.    Sheriff Roger W. Massey

     3.    Deputy Sheriff Dale Shofner

     4.    Judge John P. Shonkwiler

     5.    Richard Baker (by deposition)

I.    List of Witnesses Defendant Intends to Call at Trial

     1.    Sheriff Roger W. Massey

     2.    Dodie Junkert

     3.    Judge Stephen F. Peters

     4.    Mary Smith

     5.    Deputy Earl Candler

     6.    Sgt. Jared Shofner

     7.    Robert Spickard

     8.    Trooper Dan Hill

     9.    Sandy Smith

     10.   Jeremiah Smith (by deposition)

     11.   Special Agent Lindemulder (by deposition if he is

unavailable)

J.    Exhibits

    1.    Joint Exhibits

        a.    Search Warrant for Dodie Junkert's office and home

        b.    Affidavit for Search Warrant

    2.    Plaintiff's Exhibits

    Plaintiff may use police reports identified by defendant.

    3.    Defendant's Exhibits

        a.    Lindemulder deposition Exhibit #1 being an

Investigative Report of S/A Greg Lindemulder dated 1.28.03.  Purpose:
Document arrest of Michael McCall.

        Plaintiff objects to this report on grounds of relevance.  The
arrest of Michael McCall on January 16, 2003 has nothing to do with the search
warrant in this case.

        b.    Lindemulder deposition Exhibit #2 being an
Investigative Report of S/A Greg Lindemulder dated 1.17.03.  Purpose:
Document interview of Jeffrey McCall.

        Plaintiff objects to this report on grounds of relevancy and
hearsay.  The statements made by McCall following his arrest have nothing to

do with this case and do not appear to be admissible under any hearsay exception.

       c.     Lindemulder deposition Exhibit #3 being an Investigative Report of S/A Greg Lindemulder dated 1.20.03.  Purpose: Document interview of Richard Baker.

           No objection.

       d.     Lindemulder deposition Exhibit #4 being an Investigative Report of S/A Greg Lindemulder dated 1.22.03.  Purpose: Document evidence and second interview of Richard Baker.

           No objection.

       e.     Lindemulder deposition Exhibit #5 being an Investigative Report of S/A Greg Lindemulder dated 1.22.03.  Purpose: Document third interview of Richard Baker.

           No objection.

f.    Lindemulder deposition Exhibit #7 being an

Investigative Repot of Insp./Sgt. Shofner dated 1.28.03.  Purpose:  Document

digital images taken during execution of search warrant.

No objection.


g.    Lindemulder deposition Exhibit #8 being an

Investigative Report of Insp./Sgt. Shofner dated 2.13.03.  Purpose:  Document

interview of C/S #0310662 in regards to Dodie Junkert.

No objection.


h.    Lindemulder deposition Exhibit #9 being an

Investigative Summary Report of S/A Greg Lindemulder dated 3.10.03.

Plaintiff objects to this report on grounds of relevance,

hearsay.  The summary report contains information which has nothing to do

with this case and which, if admitted, could unfairly prejudice plaintiff.  The

report also contains hearsay statements which do not appear to fall into any

recognized exception.

       i.      Lindemulder deposition Exhibit #10 being an

Investigative Report of S/A Lindemulder dated 1.27.03.  Purpose:  Document

second interview of Dodie Junkert.

       No objection


       j.      Lindemulder deposition Exhibit #11 being an

Investigative Report of Insp./Sgt. Shofner dated 1.21.03.  Purpose:  Document

recovery of weapons from Isaacs Salvage Yard.

       No objection.


       k.      Shofner deposition Exhibit #1 being an Investigative

Report of Insp./Sgt. Shofner dated 3.6.03.  Purpose:  Document debrief of C./S

#0310662.

       Plaintiff objects to this report on grounds of relevancy and

hearsay.  The information in the report does not appear to have anything to do

with plaintiff or with issuance or execution of the warrant.


       l.      Any other investigative/police report relating to this

matter which has been disclosed in discovery which may be necessary at trial.

       Plaintiff objects to this non-specific description of exhibits.

m.    Pantagraph news report, September 23, 2008  "Attorney has license suspended for mishandling funds"

Plaintiff objects to the news report as hearsay.  In addition, whatever probative value the news report may have is far outweighed by the unfair prejudice.


n..    ARDC Public Disciplinary Record for plaintiff, September 24, 2008

Plantiff objects to this public record on grounds of relevance and as evidence of an inadmissible bad act.


### III.    PLAINTIFF'S STATEMENT OF DAMAGES

Plaintiff will not offer evidence of lost income and will not offer expert testimony about her emotional distress.  Plaintiff will testify about the impact the search had upon her (but not including lost wages) and will ask the jury to award what damages it feels are appropriate.

## IV.  WAIVER OF CLAIMS OR DEFENSES

1.  Plaintiff's Waiver of Claims:  Plaintiff has waived her claim that the Warrant was executed in an unreasonable manner because it involved an invasion into attorney/client materials.

2.  Defendants' Waiver of Claims:  N/A

## V.  EXHIBITS ATTACHED

1.  The following are attached as Exhibits to his Order and are made a part thereof:

    a.  Proposed  agreed jury instructions

    b.  Plaintiff's proposed instructions opposed by Defendants

    c.  Defendants' proposed instructions opposed by Plaintiff

## VI.  GENERAL ADDITIONAL

The following additional action was taken:

IT IS UNDERSTOOD BY THE PARTIES THAT:

A party may supplement a list of witnesses or exhibits only upon good cause shown in a Motion filed and served upon the other party prior to trial; except that, upon development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

-14-

It is mutually estimated that the length of trial will not exceed

_____ full days.  The case will be set for trial to commence on _____.

This Pretrial Order may be modified at the trial of the action, or

prior thereto, to prevent manifest and justice.  Such modifications may be made

either on motion of counsel for any party, or on the Court's own motion.

Additional proposed jury instructions shall be submitted to the

Court within five (5) days before commencement of trial, but there is reserved to

counsel for the respective parties the right to submit supplemental proposals for

instructions during the course of the trial or at the conclusion of the evidence on

matters that could not reasonably have been anticipated.

IT IS SO ORDERED:

_____, 2008


                                        _____
                                        JUDGE


Approved as to form and substance:


_____
KENNETH FLAXMAN


_____
DAVID A. BAILIE

-15-

Agreed Jury Instructions

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy/prejudice to influence you.

Nothing I say now, and nothing I said during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

7th Circuit 1.01

Given          _____

Refused        _____

Withdrawn      _____

Agreed Instruction 1

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

7th Circuit 1.02

Given          _____

Refused        _____

Withdrawn      _____

Agreed Instruction 2

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true [that a person would have given certain testimony].

[I have taken judicial notice of certain facts. You must accept those facts as proved.]

7th Cir. 1.04

Given        _____

Refused      _____

Withdrawn    _____

Agreed Instruction 3

During the trial, certain testimony was presented to you by the reading of a deposition. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

7th Cir. 1.05

Given          _____

Refused        _____

Withdrawn      _____

Agreed Instruction 4

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, question and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

7th Cir. 1.06

Given          _____

Refused        _____

Withdrawn      _____

Agreed Instruction 5

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

7th Cir. 1.07

Given          _____

Refused        _____

Withdrawn      _____

Agreed Instruction 6

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

7th Cir. 1.08

Given          _____

Refused        _____

Withdrawn      _____

Agreed Instruction 7

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

7th Cir. 1.09

Given          _____

Refused        _____

Withdrawn      _____

Agreed Instruction 8

You should use common sense in weighting the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

7th Cir. 1.11

Given          _____

Refused        _____

Withdrawn      _____

Agreed Instruction 9

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

7th Cir. 1.12

Given          _____

Refused        _____

Withdrawn      _____

Agreed Instruction 10

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

The ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

The witness's memory;

Any interest, bias, or prejudice the witness may have;

The witness's intelligence;

The manner of the witness while testifying;

And the reasonableness of the witness's testimony in light of all the evidence in the case.

7th Cir. 1.13

Given            _____

Refused         _____

Withdrawn       _____

Agreed Instruction 11

You may consider statements given by the plaintiff Dotie Junkert or the defendant Roger Massey before trial as evidence of the truth of what she (or he)  said in the earlier statements, as well as in deciding what weight to give his testimony.

[With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.]

7th  Cir. 1.14

Given          _____

Refused       _____

Withdrawn    _____

Agreed Instruction 12

You have heard evidence that Richard Baker has been convicted of a crime. You may consider this evidence only in deciding whether Richard Baker's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

7th Cir. 1.15

Given            _____

Refused         _____

Withdrawn      _____

Agreed Instruction 13

It is proper for a lawyer to meet with any witness in preparation for trial.

"

"

"

"

"

"

"

"

"

"

"

"

"

"

"

"

9vj 'Ekt  1.16

Given         _____

Refused      _____

Withdrawn   _____

Agreed Instruction 14

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a large number. You need not accept the testimony of the larger number of witnesses.

"

"

"

"

"

"

"

"

"

"

"

"

"

"

9vj "Ekt" 1.17

Given          _____

Refused        _____

Withdrawn      _____

Agreed Instruction 15

The law does not require any party to call as a witness every person who might have knowledge of the facts related tot his trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

"

"

"

"

"

"

"

"

"

"

"

"

"

"

9vj "Ekt" 1.18

Given         _____

Refused      _____

Withdrawn    _____

Agreed Instruction 16

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in this case, you must be persuaded that it is more probably true than not true.

"

"

"

"

"

"

"

"

"

"

"

"

"

9√j "Ekt" 1.27

Given            _____

Refused        _____

Withdrawn    _____

Agreed Instruction 17

If you decide for the defendant on the question of liability, then you should
not consider the question of damages.

"

"

"

"

"

"

"

"

"

"

"

"

"

"

"

9vj "Ekt" 1.31

Given        _____

Refused      _____

Withdrawn    _____

Agreed Instruction 18

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

"

Forms of verdicts have been prepared for you.

"

[Forms of verdict read.]

"

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

"

"

"

"

"

"

"

9∙j 'Elt 1.32

Given            _____

Refused         _____

Withdrawn      _____

Agreed Instruction 19

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

"

"

"

"

"

"

"

"

"

"

9vj "Ekv" 1.33

Given          _____

Refused       _____

Withdrawn    _____

Agreed Instruction 20

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your difference with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous vote.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

"

"

"

"

"

9vj "Ekt" 1.34


Given          _____

Refused        _____

Withdrawn      _____


Agreed Instruction 21

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

"
"
"
"
"
"
"
"

9∨j "Ekt" 2.01

Given           _____

Refused         _____

Withdrawn       _____

Agreed Instruction 22

If you find that Plaintiff has proved any of her claims against the Defendant, you must determine what amount of damages, if any, Plaintiff is entitled to recover.

"

If you find that Plaintiff has failed to prove her claims, then you will not consider the question of damages.

"

"

"

"

"

"

"

"

"

"

"

9vj 'Ekt 7.22

Given          _____

Refused        _____

Withdrawn      _____

Agreed Instruction 23

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find she sustained.   These are called "compensatory damages"

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The mental/emotional pain and suffering that Plaintiff has experienced.  No evidence of the dollar value of mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury she has sustained.

"

"

9 vj 'Ek0' 7.23 (modified to delete reference to "physical injury")

Given            _____

Refused        _____

Withdrawn      _____

Agreed Instruction 24

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff.

- the relationship between Plaintiff and Defendant;

"

Agreed Instruction 25

- the likelihood that Defendant would repeat the conduct if an award of

punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual

harm the Plaintiff suffered

"

"

"

"

"

"

"

"

"

"

"

"

"

9vj "Ekt" 7.24

Given          _____

Refused       _____

Withdrawn    _____

Plaintiff's Proposed Jury Instructions

In this case the Defendant is a police officer. All parties are equal before the law. A police officer is entitled to the same fair consideration that you would give any individual person.

7th Circuit 1.03

Given          _____

Refused        _____

Withdrawn      _____

Plaintiff's Proposed Instruction 1

Plaintiff contends that defendant Massey obtained a search warrant to search her home and her office by making material false statements in the affidavit he signed to obtain the warrant.

In order to prove this claim, plaintiff must prove by a preponderance of the evidence

First, that defendant Massey made false statement in the warrant affidavit and Second, that the warrant would not have been issued without the false statements.

If you find that plaintiff has established each of these propositions, then your verdict on this claim should be in favor of plaintiff and against defendant.  If, on the other hand, you do not find that plaintiff has established each proposition, then your verdict should be in favor of defendant and against plaintiff.

Given          _____

Refused        _____

Withdrawn      _____

Plaintiff's Proposed Instruction 2

As her second claim, plaintiff contends that irrespective of whether defendant made false statement to obtain the search warrant, he should have known that the search warrant affidavit did not provide probable cause to search plaintiffs' home and her office.

The Fourth Amendment to the Constitution of the United States requires that there must be probable cause for the issuance of a search warrant.  When a search warrant is issued on the basis of an affidavit, this "probable cause" must appear in the affidavit.

"Probable cause" for the issuance of a search warrant means circumstances showing that there is a fair probability that contraband or evidence of a crime will be found in a particular place.

In this case, a judge reviewed the affidavit and signed the warrant.  Under these circumstances, in order to prevail on her claim that defendant Massey knew that the search warrant did not probable cause to search plaintiffs' home and her office, plaintiff must establish by a preponderance of the evidence that it was unreasonable for defendant Massey  to believe the warrant affidavit provided probable cause to search plaintiff's home and her office.

If you find that plaintiff has established  this proposition, then your verdict on this claim should be in favor of plaintiff and against defendant.  If, on the other hand, you do

Given            _____

Refused        _____

Withdrawn     _____

Plaintiff's Proposed Instruction 3

not find that plaintiff has not established this proposition, then your verdict should be in favor of defendant and against plaintiff.

.

"

Given          _____

Refused        _____

Withdrawn      _____

As her third claim, plaintiff contends that once defendant Massey knew that two computers were not in plaintiff's home or her office, it was unreasonable for him to execute the warrant to look for drugs and drug paraphernalia.

An officer seeking to obtain a search warrant is required to provide more than an uncorroborated, conclusory assertion of illegal activity from a confidential informant of unknown reliability.

In addition, an officer executing a warrant must have a good faith belief that the search will produce contraband or evidence of a crime.

In order to prevail on her claim that it was unreasonable for defendant Massey to execute the warrant to look for drugs and drug paraphernalia, plaintiff must establish by a preponderance of the evidence that the authorization in the search warrant to look for drugs and drug paraphernalia was based on the uncorroborated, conclusory assertion of illegal activity from a confidential informant of unknown reliability, and that defendant Massey did not have a good faith belief that additional computers would be found in plaintiff's home and office.

If you find that plaintiff has established each of these propositions, then your verdict on this claim should be in favor of plaintiff and against defendant.  If, on the other

Given           _____

Refused        _____

Withdrawn     _____

Plaintiff's Proposed Instruction 4

hand, you do not find that plaintiff has established each proposition, then your verdict should be in favor of defendant and against plaintiff.

Given        _____

Refused       _____

Withdrawn      _____

As her fourth claim, plaintiff contends that in executing the warrant at her home, defendant Massey seized items which were not specified in the warrant.

The Fourth Amendment to the Constitution of the United States requires that a search warrant describe "with specificity" the items to be seized.  There is one exception to this rule, and that is when an officer who is executing a warrant sees an object which is contraband.  Under those circumstances, the officer may seize the contraband, even though it had not been specified in the warrant.

In order to prevail on her claim that defendant Massey seized items which were not specified in the warrant, plaintiff must establish by a preponderance of the evidence that Massey seized items not specified in the warrant and that these items were not contraband.

If you find that plaintiff has established each of these propositions, then your verdict on this claim should be in favor of plaintiff and against defendant.  If, on the other hand, you do not find that plaintiff has established each proposition, then your verdict should be in favor of defendant and against plaintiff.

Given          _____

Refused        _____

Withdrawn      _____

Plaintiff's Proposed Instruction 5

Defendant's Proposed Jury Instructions

You have heard evidence that witness Richard Baker has been convicted of crimes. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his testimony.

7th Cir. 2.11

Given          _____

Refused     _____

Withdrawn    _____

Defendant's Proposed Instruction 1

Defendant Roger Massey is being sued as an individual. Neither the State of Illinois nor DeWitt County is a party to this lawsuit.

7th Cir. 7.01

Given          _____

Refused        _____

Withdrawn      _____

Defendant's Proposed Instruction 2

Plaintiff must prove by a preponderance of the evidence that Roger Massey was personally involved in the conduct that Plaintiff complains about. You may not hold Sheriff Massey liable for what other employees did or did not do.

7th Cir. 7.02

Given          _____

Refused        _____

Withdrawn      _____

Defendant's Proposed Instruction 3

When I say that a person acts "under color of law," I mean that a person uses or misuses authority that he has because of his official position.

7th Cir. 7.03

Given          _____

Refused        _____

Withdrawn      _____

Defendant's Proposed Instruction 4

If you find that Plaintiff has proved any of her claims by a preponderance of the evidence, you must consider whether the DeWitt County is also liable to Plaintiff. DeWitt County is not responsible simply because it employed Sheriff Massey.  DeWitt County is liable if Plaintiff proves by a preponderance of the evidence that Defendant's conduct was a result of its official policy.

7th Cir. 7.19

Given          _____

Refused     _____

Withdrawn    _____

Defendant's Proposed Instruction 5

In order to prevail on her § 1983 claim against the defendant, Roger W. Massey, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of law; and

2. the acts of the defendant deprived the plaintiff of her particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendant acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under Instruction *[specify the instruction[s] that deal with the particular right[s]]*, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

9th Cir. Jury Instruction 9.2

Defendant's Proposed Instruction 6

As previously explained, the plaintiff has the burden to prove that the acts of the defendant, Roger W. Massey, deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived her of her rights under the Fourth Amendment to the Constitution when a search warrant was obtained and executed.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of her property. In order to prove the defendant deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Roger W. Massey seized the plaintiff's property;

2. in seizing the plaintiff's property, Roger W. Massey acted intentionally; and

3. the seizure was unreasonable.

A person "seizes" the property of the plaintiff when the person takes possession of or controls the property in a manner that meaningfully interferes with the plaintiff's right to possess the property.

[A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Thus, the plaintiff must prove the defendant meant to engage in the acts that caused a seizure of the plaintiff's property. Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the search.]

9th Circuit Jury Instruction No. 9.16

Defendant's Proposed Instruction 7

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DODIE JUNKERT,                              )
                                           )
            Plaintiff,                     )
                                           )
-v-                                        )     Case Number: 06-CV-03243
                                           )
SHERIFF ROGER W. MASSEY and                )
DEWITT COUNTY, ILLINOIS,                   )
                                           )
            Defendants.                    )

## VERDICT FORM

1.      On Plaintiff Dodie Junkert's claim against Defendant, DeWitt County, Illinois,

we, the jury, find in favor of:

(CHECK ONE)          ☐ Plaintiff              ☐ Defendant

If you found for the Plaintiff, you should now go to the damages portion on page 2 of this

verdict form.

If you found for the Defendant, you should go no further.  Please sign the verdict form on

page 2 and return it to the Court.

Page 1 of 2

Defendant's Proposed Instruction 8

## **DAMAGES**

If you found for the plaintiff on page 1 of this form, you may now consider the question

of monetary damages:

WE, THE JURY, assess monetary damages in the amount of $_____.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                        FOREPERSON

Defendants' Instruction No._____

Page 2 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DODIE JUNKERT,                          )
                                        )
        Plaintiff,                      )
                                        )
-v-                                     )        Case Number: 06-CV-03243
                                        )
SHERIFF ROGER W. MASSEY and             )
DEWITT COUNTY, ILLINOIS,                )
                                        )
        Defendants.                     )

## VERDICT FORM

1.      On Plaintiff Dodie Junkert's claim against Defendant, Roger W. Massey, we, the

jury, find in favor of:

(CHECK ONE)          □ Plaintiff              □ Defendant

        If you found for the Plaintiff, you should now go to the damages portion on page 2 of this

verdict form.

        If you found for the Defendant, you should <u>go no further</u>.  Please sign the verdict form on

page 2 and return it to the Court.

Page 1 of 2

Defendant's Proposed Instruction 9

## DAMAGES

If you found for the plaintiff on page 1 of this form, you may now consider the question

of monetary damages:

WE, THE JURY, assess monetary damages in the amount of $_____.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                         FOREPERSON

Defendants' Instruction No._____

Page 2 of 2

# CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of December, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  David A Bailie, Esq., Thomas Mamer & Haughey LLP, 30 Main St. P.O. Box 560, Champaign, IL 61824-0560, bailie@tmh-law.com, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  none.

/s/ Kenneth N. Flaxman
_____
Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)