**E-FILED**
Monday, 08 December 2008 02:38:36 PM
Clerk, U.S. District Court, ILCD

FILED

DEC 0 8 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DODIE JUNKERT, | ) | |
| *Plaintiff,* | ) ) | |
| -*vs*- | ) ) | Case Number: 06-CV-03243 |
| SHERIFF ROGER W. MASSEY and DEWITT COUNTY, ILLINOIS, | ) ) ) | |
| *Defendants.* | ) ) | |

## PRE-TRIAL ORDER

THIS MATTER having come before the Court for a pre-trial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1; and

Kenneth N. Flaxman having appeared as counsel for the Plaintiff and

David A. Bailie having appeared as counsel for Defendants, the following action was taken:

### I.   NATURE OF ACTION AND JURISDICTION

This is an action for alleged violation of Plaintiff's civil rights brought pursuant to 42 USC §1983 and the jurisdiction of the Court is invoked under 28 USC § 1343(a)(4). Jurisdiction of the Court is not disputed. Defendant Sheriff Roger W. Massey is sued in his individual capacity.

## II.    JOINT STATEMENT

### A.    Jurisdiction

The United States District Court has jurisdiction over the issues raised in this matter based upon 28 USC § 1343(a)(4) regarding recovery of damages under an Act of Congress providing for the protection of civil rights.  The Act of Congress relied upon by Plaintiff in protecting her civil rights is 42 USC § 1983.

### B. Nature of the Action

1.    This action arises from a search warrant obtained by Defendant Roger W. Massey, Sheriff of DeWitt County, authorizing the search of Plaintiff, Dodie Junkert's home and law office.

2.    Junkert alleges that Massey secured the warrant by making false, material statements.  Massey denies this contention.

3.    Junkert alleges that Massey's Affidavit for Search Warrant was so deficient that it was unreasonable for him to believe that there was probable cause for issuance of the Warrant.  Massey disputes this allegation.

4.    Junkert alleges that the Warrant was executed in an unreasonable manner because the officer serving the Warrant had obtained possession of items sought in the Warrant before entering Plaintiff's home and law office.  Massey disputes this allegation.

5.      Junkert alleges that defendant Massey was personally involved in the seizure of a drill from plaintiff's home or office, that the drill was not specified in the warrant, and was unlawfully seized.  Massey disputes this allegation and contends that this issue is not properly before the Court because plaintiff did not specifically allege any claim concerning seizure of a drill.

6.      Junkert has waived her claim that the Warrant was executed in an unreasonable manner because it involved an invasion of attorney/client materials.

7.      Plaintiff joined DeWitt County as a Defendant in this action based on her reading of  *Carver v. Sheriff of LaSalle County*, 324 Fd.3 947  (7th  Cir. 2003).  Defendants contend that *Carver* is limited to official capacity suits and that the DeWitt County should be dismissed.

8.      It is agreed that Massey was acting under color of state law and also agreed that Junkert's allegations involve rights secured by the Fourth Amendment.

9.      All parties have demanded a jury.

C.      Uncontested Issues of Fact

1.      Dodie Junkert is a resident of Clinton, Illinois and an attorney licensed to practice law in the State of Illinois.

2.      Defendant, Roger W. Massey, is the Sheriff of DeWitt County and has served in that capacity since 1994.

3.      On January 22, 2003 Massey presented a Complaint for Search Warrant to Judge John P. Shonkwiler requesting the issuance of a Search Warrant to search Junkert's home and law office.

4.      Judge Shonkwiler issued the Search Warrant which Massey had requested on January 22, 2003 after reviewing the Complaint for Search Warrant.

5.      Massey spoke with Junkert by telephone before the Warrant was executed.  Junkert told Massey during this conversation that she had one of the computers sought in the warrant and that another computer was in the possession of a person named Jeremiah Smith.

6.      Massey and Junkert met personally before the Warrant was executed and Junkert gave Massey the computer she had. Massey was informed before the warrant was executed that  other officers had obtained a computer from Jeremiah Smith.

7.      The Search Warrant did not state the number of computers being sought and the Warrant sought items indicative of illegal drugs in addition to computers.

8.     The Warrant was executed by Massey and other officers at Plaintiff's law office and then her home on January 22, 2003.

9.     The officers executing the Warrant did not find any additional computers, but did find at Plaintiff's home materials which appeared to contain small amounts of cocaine.  .

10.    As a result of recovering a computer from Junkert and a computer from Jeremiah Smith and as a result of the materials secured in execution of the Search Warrant, Junkert was charged with possession of stolen property and possession of a controlled substance.

11.    A trial of the charges against Junkert resulted in a hung jury.

12.    The charges against Junkert were thereafter dismissed by the prosecutor pursuant to an agreement between the prosecutor and Junkert.

D.     Uncontested Issues of Law

Massey was acting under color of state law at all times relevant.

E.     Contested Issues of Fact

       a. Defendant Massey's Statement of Contested Fact Issues

       1.     Whether the officers involved were advised the information they claim they were advised by Richard Baker.

2.      Whether the officers were authorized to undertake the search per the terms of the Search Warrant after receiving one stolen laptop computer from Junkert and one stolen laptop computer from Jeremiah Smith.

b.  Plaintiff's Statement of Contested Fact Issues

Did defendant Massey obtain the search warrant by making material false statements?

F.      Contested Issues of Law

a.  Defendant's Statement

1.      Is the Affidavit for Search Warrant so deficient that it was unreasonable for Massey to believe that there was probable cause for issuance of the Warrant.

b.  Plaintiff's Statement

1.  Is the search warrant affidavit so deficient that it was unreasonable for defendant Massey to believe that there was probable cause for issuance of the warrant? Or, in the alternative,

2.  That it was unreasonable for defendant Massey to believe that there was probable cause for issuance of the warrant, insofar as it authorized the search for drug related items?

3.  If law enforcement officers obtain possession of items legitimately sought in a search warrant before executing the warrant,

may the officers nonetheless conduct the search ostensibly authorized by the warrant?

4. Was the seizure of a drill from plaintiff's home or office contrary to the Fourth Amendment when the drill was not contraband and was not specified in the search warrant?

G.    Stipulations

1.    The depositions of Jeremiah Smith, Richard Baker, and (if he is unavailable at the time of trial), Special Agent Lindemulder may be used as substantive evidence at the trial in place of the appearance of each of said witnesses.

2.    The depositions of Plaintiff, Defendant and all witnesses deposed in the case may be used in the case at trial for purposes of impeachment and to refresh recollection.  In addition, the depositions of plaintiff and defendant Massey may be used as party admissions.

3.    The transcripts of depositions and trial testimony disclosed in discovery in the instant cause of action may be utilized for impeachment or to refresh recollection without the necessity of calling the court reporter to lay a foundation for said transcripts.

H.   List of Witnesses Plaintiff Intends to Call at Trial

    1.   Dodie Junkert

    2.   Sheriff Roger W. Massey

    3.   Deputy Sheriff Dale Shofner

    4.   Judge John P. Shonkwiler

    5.   Richard Baker (by deposition)

I.   List of Witnesses Defendant Intends to Call at Trial

    1.   Sheriff Roger W. Massey

    2.   Dodie Junkert

    3.   Judge Stephen F. Peters

    4.   Mary Smith

    5.   Deputy Earl Candler

    6.   Sgt. Jared Shofner

    7.   Robert Spickard

    8.   Trooper Dan Hill

    9.   Sandy Smith

    10.   Jeremiah Smith (by deposition)

    11.   Special Agent Lindemulder (by deposition if he is unavailable)

-8-

J.   Exhibits

    1.   Joint Exhibits

        a.   Search Warrant for Dodie Junkert's office and home

        b.   Affidavit for Search Warrant

    2.   Plaintiff's Exhibits

    Plaintiff may use police reports identified by defendant.

    3.   Defendant's Exhibits

        a.   Lindemulder deposition Exhibit #1 being an

Investigative Report of S/A Greg Lindemulder dated 1.28.03.  Purpose:

Document arrest of Michael McCall.

        Plaintiff objects to this report on grounds of relevance.  The

arrest of Michael McCall on January 16, 2003 has nothing to do with the search

warrant in this case.

        b.   Lindemulder deposition Exhibit #2 being an

Investigative Report of S/A Greg Lindemulder dated 1.17.03.  Purpose:

Document interview of Jeffrey McCall.

        Plaintiff objects to this report on grounds of relevancy and

hearsay.  The statements made by McCall following his arrest have nothing to

-9-

do with this case and do not appear to be admissible under any hearsay exception.

      c.    Lindemulder deposition Exhibit #3 being an Investigative Report of S/A Greg Lindemulder dated 1.20.03.  Purpose: Document interview of Richard Baker.

      No objection.

      d.    Lindemulder deposition Exhibit #4 being an Investigative Report of S/A Greg Lindemulder dated 1.22.03.  Purpose: Document evidence and second interview of Richard Baker.

      No objection.

      e.    Lindemulder deposition Exhibit #5 being an Investigative Report of S/A Greg Lindemulder dated 1.22.03.  Purpose: Document third interview of Richard Baker.

      No objection.

    f.       Lindemulder deposition Exhibit #7 being an Investigative Repot of Insp./Sgt. Shofner dated 1.28.03.  Purpose:  Document digital images taken during execution of search warrant.

        No objection.


    g.       Lindemulder deposition Exhibit #8 being an Investigative Report of Insp./Sgt. Shofner dated 2.13.03.  Purpose:  Document interview of C/S #0310662 in regards to Dodie Junkert.

        No objection.


    h.       Lindemulder deposition Exhibit #9 being an Investigative Summary Report of S/A Greg Lindemulder dated 3.10.03.

        Plaintiff objects to this report on grounds of relevance, hearsay.  The summary report contains information which has nothing to do with this case and which, if admitted, could unfairly prejudice plaintiff.  The report also contains hearsay statements which do not appear to fall into any recognized exception.

i.      Lindemulder deposition Exhibit #10 being an Investigative Report of S/A Lindemulder dated 1.27.03.  Purpose:  Document second interview of Dodie Junkert.

No objection

j.      Lindemulder deposition Exhibit #11 being an Investigative Report of Insp./Sgt. Shofner dated 1.21.03.  Purpose:  Document recovery of weapons from Isaacs Salvage Yard.

No objection.

k.      Shofner deposition Exhibit #1 being an Investigative Report of Insp./Sgt. Shofner dated 3.6.03.  Purpose:  Document debrief of C./S #0310662.

Plaintiff objects to this report on grounds of relevancy and hearsay.  The information in the report does not appear to have anything to do with plaintiff or with issuance or execution of the warrant.

l.      Any other investigative/police report relating to this matter which has been disclosed in discovery which may be necessary at trial.

Plaintiff objects to this non-specific description of exhibits.

-12-

m.    Pantagraph news report, September 23, 2008 "Attorney has license suspended for mishandling funds"

Plaintiff objects to the news report as hearsay.  In addition, whatever probative value the news report may have is far outweighed by the unfair prejudice.


n..    ARDC Public Disciplinary Record for plaintiff, September 24, 2008

Plantiff objects to this public record on grounds of relevance and as evidence of an inadmissible bad act.


### III.    PLAINTIFF'S STATEMENT OF DAMAGES

Plaintiff will not offer evidence of lost income and will not offer expert testimony about her emotional distress.  Plaintiff will testify about the impact the search had upon her (but not including lost wages) and will ask the jury to award what damages it feels are appropriate.

## IV.   WAIVER OF CLAIMS OR DEFENSES

1.      Plaintiff's Waiver of Claims:  Plaintiff has waived her claim that the Warrant was executed in an unreasonable manner because it involved an invasion into attorney/client materials.

2.      Defendants' Waiver of Claims:  N/A

## V.   EXHIBITS ATTACHED

1.      The following are attached as Exhibits to his Order and are made a part thereof:

      a.      Proposed  agreed jury instructions

      b.      Plaintiff's proposed instructions opposed by Defendants

      c.      Defendants' proposed instructions opposed by Plaintiff

## VI.   GENERAL ADDITIONAL

The following additional action was taken:

IT IS UNDERSTOOD BY THE PARTIES THAT:

A party may supplement a list of witnesses or exhibits only upon good cause shown in a Motion filed and served upon the other party prior to trial; except that, upon development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

-14-

It is mutually estimated that the length of trial will not exceed _3_ full days.  The case will be set for trial to commence on _JuNE 1, 2008_

This Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest and justice.  Such modifications may be made either on motion of counsel for any party, or on the Court's own motion.

Additional proposed jury instructions shall be submitted to the Court within five (5) days before commencement of trial, but there is reserved to counsel for the respective parties the right to submit supplemental proposals for instructions during the course of the trial or at the conclusion of the evidence on matters that could not reasonably have been anticipated.

IT IS SO ORDERED:

_8 Dec._, 2008

_s/Richard Mills_
JUDGE

Approved as to form and substance:

_____
KENNETH FLAXMAN

_____
DAVID A. BAILIE

-15-