**E-FILED**
Friday, 24 April, 2009  05:09:56 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DODIE JUNKERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   06-3243 |
| | ) | |
| SHERIFF ROGER W. MASSEY and | ) | |
| DEWITT COUNTY, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

The Court now considers the Defendants' motion in limine and the Plaintiff's motion in limine.

### I. Defendants' Motion in Limine

Defendants Sheriff Roger W. Massey and Dewitt County, Illinois, seek an order in limine which precludes Plaintiff Dodie Junkert from presenting any evidence or argument at trial concerning the seizure of a drill from her home.  In support of the motion, the Defendants allege that Plaintiff raised for the first time in the Pretrial Order filed on December 8, 2008 that Plaintiff intends to seek recovery for the seizure of a drill from

her home because the drill was not specified in the warrant.

The Defendants contend that the drill was seized during the service of the search warrant and was seized pursuant to the plain view doctrine. The plain view doctrine allows for the seizure of material "if (1) a law-enforcement officer is lawfully present, (2) an item not named in the warrant . . . is in the plain view of the officer, and (3) the incriminating nature of the item is immediately apparent (i.e., the government can show probable cause to believe the item is linked to criminal activity)." United States v. Raney, 342 F.3d 551, 558-59 (7th Cir. 2003).   The Defendants assert that the officers were where they had a right to be pursuant to the warrant, given that they were searching for stolen computers from a series of burglaries in which there were also drills of the type stolen and the drill was in plain sight.  Sheriff Massey testified that "it did match the general description of several drills and power equipment" that were stolen in the burglary ring, though it was later determined that the drill's serial number did not match any of the stolen items.

In opposing the Defendants' motion, the Plaintiff first argues that

rather than seeking a pre-trial ruling on an evidentiary issue, the Defendants request a ruling as a matter of law that Sheriff Massey's seizure of a drill, an item not described in the search warrant, was lawful under the plain view doctrine. According to the Plaintiff, the Defendants are using a motion in limine as a vehicle for seeking relief akin to the grant of a partial summary judgment.

Next, the Plaintiff contends that the Defendants cannot show that there is probable cause to believe that the item was linked to criminal activity. The search warrant affidavit does not indicate that Sheriff Massey had any information that Plaintiff was in possession of a stolen drill or any power equipment. Moreover, the Sheriff's deposition does not indicate that he had probable cause to believe that Plaintiff's drill was stolen. The Plaintiff alleges that Sheriff Massey provides no support for his statement about stolen equipment. The summary report prepared by State Police Agent Lindemulder describes the stolen goods as "[d]igital camera, video cameras, United States Currency, Ridlin [sic], several laptop computers, police shotguns and several other items." Moreover, the affidavit used to

3

obtain the search warrant to search the home of the suspected thieves does not refer to stolen tools, but identifies as proceeds of the burglary some of the items noted above.

Based on the foregoing, the Plaintiff alleges that a jury would be entitled to conclude that Massey did not have "probable cause to believe that the [drill] is contraband or otherwise linked to criminal activity," see United States v. Cellitti, 387 F.3d 618, 624 (7th Cir. 2004), and instead seized the drill on a fishing expedition to see if it would "match up with any of the items that we had reported stolen." The Plaintiff asserts, therefore, that the issue is not one which may be fairly resolved on a motion in limine.

The Court concludes that, even assuming that a motion in limine is the proper vehicle for the Defendants' requested relief, there simply is not enough information in the record to determine if the incriminating nature of the drill was immediately apparent. Neither the summary report prepared by the agent nor the affidavit used to obtain the warrant specifically mentions the item. Moreover, in his deposition, Sheriff Massey was unable to recall any specific features of the drill. The sheriff also could

not recall how long the drill remained in the Defendants' possession or how long it took to determine that it did not match up with any stolen items. Because it is unable to determine whether the incriminating nature of the drill was immediately apparent, the Court will DENY the Defendants' motion in limine.

## II. Plaintiff's Motion in Limine

The Plaintiff seeks to exclude any evidence or argument concerning the following information: (1) information supporting the issuance of the search warrant beyond that which is included in the warrant affidavit; (2) evidence of the Plaintiff's culpability on the dismissed criminal charges; and (3) certain alleged prejudicial information about the Plaintiff.

### (A)

The Plaintiff alleges that Sheriff Massey secured the warrant by making false, material statements. She further asserts that Sheriff Massey's affidavit for the search warrant was so deficient that it was unreasonable for him to believe that there was probable cause for the issuance of the warrant. The Plaintiff contends, moreover, that the warrant was executed in an

unreasonable manner because the officer serving the warrant had obtained possession of the items sought before entering the Plaintiff's home and law office.

The Plaintiff alleges that several of the witnesses identified by the Defendants have testified at their depositions about information, not included in the search warrant affidavit, which could have a bearing on the reasonableness of Sheriff Massey's belief that the warrant was issued on probable cause. The Plaintiff contends that any such information should be excluded because it cannot be relevant to the decision to issue the warrant and because reasonableness must be decided on an objective basis. Citing National-Standard Co. v. Adamkus, 881 F.2d 352 (7th Cir. 1989), the Plaintiff alleges that information not known when a search warrant was issued cannot be used to show that the warrant was issued on probable cause. See id. at 363 n.14 (citation omitted).

In their response brief, the Defendants allege that Plaintiff intends to support her position with the affidavit testimony of Richard Baker, who was the confidential source referenced in the complaint for the search warrant.

Baker's deposition was taken in a federal prison in North Carolina where he is incarcerated.  In the course of that deposition, Baker testified that he did not provide the information which Massey and the other officers have testified, and will testify at trial, they received from him.  The Defendants allege that, in the complaint for the search warrant, Sheriff Massey stated that among other things, the intent was to search for laptop computers and set out that the officers had been advised by the confidential source (Baker) that Plaintiff had been given two laptops that were stolen.  After obtaining the search warrant, the Sheriff spoke with the Plaintiff by telephone to advise that it was going to be served.  The Defendants assert that Sheriff Massey was then told by the Plaintiff that she had received two laptop computers, one of which she had given to another individual.

The Defendants allege that the purpose of providing this testimony at trial would be to prove the information set out in the complaint for search warrant to have come from Richard Baker was accurate, and that officers would have no other basis for knowing that Plaintiff had the laptop computers which she did in fact have.  The purpose is not to bolster the

factual basis upon which the search warrant was issued but, rather, to contradict the testimony of Richard Baker, who now denies that he provided the information set out in the complaint for the search warrant. The Defendants contend that the testimony is relevant under Federal Rule of Evidence 401. The Defendants further allege that the testimony of any other witnesses that the Plaintiff knew that the laptops were stolen is presented to corroborate the Defendants' testimony that they were told such information by Baker, which he now denies. Because an issue in this case is whether Baker actually told the Defendants the information which appears in the complaint for the search warrant, the Defendants claim that this information is relevant under Rule 401.

It appears to the Court that, for the reason offered by the Defendants, the testimony may prove to be relevant. One of the Plaintiff's allegations is that Sheriff Massey obtained the warrant by making false, material statements. After reviewing the Defendants' asserted purpose, the Court finds that the testimony that they seek to introduce may be probative of the issue. The cases cited by the Plaintiff in arguing that the testimony should

be excluded do not address situations such as this when it is offered to contradict the testimony of another witness.  Accordingly, there is no basis for excluding this testimony which is potentially relevant under Rule 401.

(B)

The Plaintiff further asserts that two of the witnesses identified by the Defendants have testified at their depositions that Plaintiff made statements, before execution of the search warrant, that she knew the laptop computers referred to in the warrant were stolen.  She contends that while this testimony may have been relevant at the criminal trial, it was not known when the warrant was issued and has no bearing on the questions at issue in this case.

The Plaintiff states that she has endured a series of personal problems, including a judgment entered against her for defaulting on student loans, and a one month suspension from the practice of law.  Any evidence about those problems violates Federal Rule of Evidence 608(b).  That rule provides in pertinent part:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting a witness' character for truthfulness . . . may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Fed. R. Evid. 608(b). The Plaintiff alleges, moreover, that because she is not seeking lost wages, neither the judgment nor the suspension is relevant. The Defendants assert that Plaintiff is seeking to expand the scope of Rule 608(b).

The rule "prohibits the use of extrinsic evidence, not lines of questioning." See United States v. Holt, 486 F.3d 997, 1002 (7th Cir. 2007). "Particular instances of conduct, though not the subject of criminal conviction, may be inquired into on cross-examination of the principal witness himself or of a witness who testifies concerning his character for truthfulness." See Fed. R. Evid. 608 advisory committee's note.

Although Rule 608(b) may prohibit the Defendants from offering extrinsic evidence of specific instances of the Plaintiff's conduct, the rule

10

does not forbid inquiring about such conduct on cross-examination.  In fact, the rule explicitly allows such an inquiry if probative of a witness's truthfulness or untruthfulness.  Based on the factual disputes that are apparent in this case, such questions may be relevant in that regard.  Additionally, the Court is unable to conclude pursuant to Rule 403 that the probative value of such evidence is outweighed by the danger of unfair prejudice.  Thus, the Plaintiff's motion is DENIED, to the extent that Plaintiff seeks an order which specifically prohibits counsel from asking such a question during a potential cross-examination of her.

Ergo, the Defendants' motion in limine [d/e 52] is DENIED.  The Plaintiff's motion in limine [d/e 54] is DENIED.

ENTER: April 24, 2009

FOR THE COURT:

s/Richard Mills
United States District Judge

11