E-FILED
Friday, 05 June, 2009 01:58:37 PM
Clerk, U.S. District Court, ILCD

FILED
JUN 0 3 2009
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DODIE JUNKERT, | ) |
| Plaintiff, | ) |
| -v- | ) Case Number: 06-CV-03243 |
| SHERIFF ROGER W. MASSEY and DEWITT COUNTY, ILLINOIS, | ) |
| Defendants. | ) |

### DEFENDANTS' MOTION FOR DIRECTED VERDICT AT THE CLOSE OF PLAINTIFF'S CASE

NOW COME Defendant, SHERIFF ROGER W. MASSEY, by his attorneys, Thomas, Mamer & Haughey, LLP, and hereby moves the Court for directed verdict in Defendant's favor and against Plaintiff on all aspects of the case against him and in support thereof state as follows:

1. As to the Plaintiff's first claim that Defendant made a materially false statement in the Complaint for Search Warrant, the only evidence supporting that claim is the deposition of Richard Baker in which he denied telling Defendant or Sgt. Jared Shofner the matters set forth in the Complaint for Search Warrant attributed to him and having been learned from Jeffrey McCall. However, the evidence in the case has proven that Richard Baker had a motive to lie as of the time of giving his discovery deposition. Further, the evidence adduced in trial has proven beyond per adventure that the information which Defendant and Shofner claim in the Complaint for Search Warrant to have obtained from Baker was accurate in all material aspects and that Massey and Shofner had no other source of this information other than Baker. The testimony of Baker has been rendered non credible to the point where there is nothing for the jury to decide.

2. As to Plaintiff's second claim that Defendant should have realized, independent of the signing of the Search Warrant based upon the Complaint by Judge Shonkwiler, that the Complaint did not state probable cause to search Plaintiff's home and office Defendant reiterates the argument made in relation to claim I. Further, there is no showing that it was unreasonable on the part of the Defendant to believe that the items

sought in the Search Warrant would not be found in Plaintiff's home and/or office in light of the testimony adduced at trial.

3. As to Plaintiff's third claim that upon the return of the stolen computers by Dodie Junkert and from Jeremiah Smith that Defendant had no basis to proceed with the execution f the Search Warrant, the evidence adduced at trial is uncontradicted that the Complaint for Search Warrant allowed for seizure of more than two laptop computers and that more laptop computers were still missing in relation to the Ringbuster investigation. Additionally, the Search Warrant authorized a search for drugs and indicia of ownership and billing and payment records from Jeff McCall or Mike McCall and owners manuals from laptop computers, none of which had been provided at the time the Search Warrant was executed.

4. As to Plaintiff's fourth claim that Sheriff Massey seized a handheld drill which was not specified in the Search Warrant, the evidence is uncontradicted in the case that Sheriff Massey was where he had a legal right to be pursuant to the Search Warrant, he observed an item which he reasonably believed might to contraband (stolen property) based upon the Ringbuster investigation in which hand held drills were known to have been stolen and that he seized the drill to determine if it was one of the stolen drills and at which time he was acting in good faith based upon his training and experience. The affirmative defense of qualified immunity premised upon good faith in light of the Plain View Doctrine should preclude this claim from going to the jury and a directed verdict should be granted.

WHEREFORE, Defendant, SHERIFF ROGER W. MASSEY, for the foregoing reasons prays that a verdict be directed in his favor and against Plaintiff on all claims.

DEWITT COUNTY, ILLINOIS,
Defendant,

THOMAS, MAMER & HAUGHEY, LLP

*/s/ David A. Bailie*
David A. Bailie, Bar No.93564
Thomas, Mamer & Haughey, LLP
30 Main Street, Box 560
Champaign, Illinois 61824-0560
PH:   (217) 351-1500
FAX:  (217) 351-2169
bailie@tmh-law.com